UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHERRIE JONES,       ) | |
|     Plaintiff,       ) | |
|            ) | |
| v.       ) | CAUSE NO.: 2:20-CV-247-PPS-JPK |
|            ) | |
| FAMILY DOLLAR,       ) | |
|     Defendant.       ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Family Dollar Stores of Indiana, LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Sherrie Jones and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy. Defendant has also sufficiently alleged the citizenship of Plaintiff. However, the allegations are insufficient as to the citizenship of Defendant.

The Notice of Removal identifies Defendant as "Family Dollar Stores of Indiana, LLC (improperly named as "Family Dollar") . . . in the above-entitled action." (Notice of Removal ¶ 1,

ECF No. 1). Yet, the Notice of Removal then states that "Defendant is a Virginia corporation with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320. Defendant is a citizen of the State of Virginia." *Id.* at ¶ 9. These allegations are insufficient for the purpose of determining citizenship.

The allegations regarding the citizenship of Defendant are unclear as to its organizational form. This information is important because for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of a limited liability company or partnership.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant Family Dollar Stores of Indiana, LLC is actually akin to a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship

of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege its citizenship, as outlined above. Therefore, the Court **ORDERS** Defendant Family Dollar Stores of Indiana, LLC to **FILE**, on or before **July 22, 2020**, a supplemental jurisdictional statement that properly alleges its citizenship.

So ORDERED this 8th day of July, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT